UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**PAMELA M. HARTY**, an individual, on
behalf of herself and those similarly situated,

                    Plaintiff,

      vs.

**PIONEER CREDIT RECOVERY, INC.**, a
Delaware corporation, and **NAVIENT
SOLUTIONS, INC.**, a Delaware corporation,

                   Defendants.
_____

**CLASS ACTION
COMPLAINT**

Civ. No.

Trial by Jury is Demanded

      Plaintiff, PAMELA M. HARTY (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendants PIONEER CREDIT RECOVERY, INC. (hereinafter referred to as "PIONEER" or "DEFENDANT") and NAVIENT SOLUTIONS, INC. (hereinafter "NAVIENT" or "DEFENDANT") (hereinafter collectively "DEFENDANTS") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

      1.    PLAINTIFF brings this action for actual and statutory damages arising from NAVIENT SOLUTIONS, INC.'s and PIONEER CREDIT RECOVERY, INC.'s violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.  PIONEER intentionally and systematically sends collection letters to consumers that misrepresent that it is not adding collection fees, when in fact, such fees continue to be added.  PIONEER further intentionally and systematically attempts to collect improper collection fees.  NAVIENT wholly owns PIONEER, exercises control over the conduct and/or activities of

1

PIONEER and, thus, is vicariously liable for PIONEER'S improper collection activities.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because PIONEER CREDIT RECOVERY, INC. resides and transacts business in the Western District of New York and is thus subject to the Court's personal jurisdiction.

## PARTIES

4.      PLAINTIFF is a natural person residing in Eden, North Carolina.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7.      DEFENDANT PIONEER CREDIT RECOVERY, INC. (hereinafter referred to as "DEFENDANT or PIONEER") was formed in Delaware, the principal purpose of whose business is the collection of debts, with a principal place of business at 26 Edward Street, Arcade, New York, 14009.

8.      DEFENDANT NAVIENT SOLUTIONS, INC. (hereinafter referred to as "DEFENDANT or NAVIENT") is a Delaware corporation which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

///

///

2

## STATEMENT OF FACTS

10.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11.     On or about February 16, 2016, PIONEER sent a form collection letter to PLAINTIFF in an attempt to collect a consumer debt, a true and correct copy of which is attached hereto as **Exhibit 1**.

12.     This letter states that the current amount due is $10,729.37. *Id.*

13.     The second page of the letter shows the breakout of four loans, including principal, interest, and collection costs. *Id.*

14.     The sum of all of the amounts is $10,729.37, meaning that the collection costs are included in the "current amount due." *Id.*

15.     However, the letter then states that "collection costs of 16% WILL NOT be added" if the consumer satisfies certain conditions. *Id.* (caps in original).

16.     The letter further states that "If [the consumer] did not satisfy the above conditions, collection costs of 16% WILL be added to the total." *Id.* (caps in original).

17.     Prior to the addition of these collection costs, PLAINTIFF did not receive a 34 C.F.R. § 682.410(b)(5)(E)(ii) letter.

18.     Since PLAINTIFF was never sent a notice notifying her of her 34 C.F.R. § 682.410(b)(5)(E)(ii) and (b)(6)(ii) rights, collection of collection costs was improper.

19.     NAVIENT wholly owns PIONEER, exercises control over the conduct and/or activities of PIONEER and, thus, is vicariously liable for PIONEER'S improper collection activities.

///

## CLASS ACTION ALLEGATIONS

20.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 19 inclusive, above.

21.     PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed classes are defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following classes:

    a.  A class consisting of consumers whose:

        i.  Debt has been purchased by the New York Higher Education Services Corp.;

        ii.  Within one year prior to the filing of this action; and

        iii.  Received a collection letter from PIONEER;

        iv.  Which stated that collection costs would not be added unless the consumer did not meet certain conditions; and

        v.  Which contained an amount showing that collection costs had already been added.

    b.  A class consisting of consumers whose:

        i.  Debt has been purchased by the New York Higher Education Services Corp.;

        ii.  Within one year prior to the filing of this action;

        iii.  Received a collection letter from PIONEER;

        iv.  Which attempted to collect costs where the consumer did not receive the notices required by 34 C.F.R. § 682.410 prior to the addition of

4

costs.

22.     PLAINTIFF does not know the exact size or identities of the classes, as DEFENDANTS maintain exclusive control of such information.  Because the letter is a form letter, PLAINTIFF believes that the classes each include between 10,000 and 20,000 individuals whose identities can be readily determined from DEFENDANTS' business records.  Therefore, the proposed classes are so numerous that joinder of all members is impracticable.

23.     All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

     a. Whether DEFENDANTS' letter violated the FDCPA by stating that fees would not be added if the consumer met certain conditions, and then already adding the fees;

     b. Whether DEFENDANTS' letter violated the FDCPA by attempting to collect costs where the guaranty agency did not send the consumer the letter pursuant to 34 C.F.R. § 682.410(b)(5)(E)(ii);

     c. The identities of individuals who received a substantially similar collection letter from DEFENDANTS; and

     d. The total number of collection letters that DEFENDANTS mailed to consumers.

24.     PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members.  PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

25.     Upon information and belief, PIONEER has a practice and policy of intentionally

sending collection letters which misrepresent that fees had not yet been added, when they had been and/or misrepresenting that additional fees will be assessed.

26.     Upon information and belief, PIONEER has a practice and policy of attempting to collect improperly assessed collection costs in violation of 34 C.F.R. § 682.410(b)(5)(E)(ii).

27.     PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation.  PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA class action lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

28.     PLAINTIFF is committed to vigorously pursuing her claims.

29.     A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

30.     A class action regarding the issues in this case does not create any problems of manageability.

31.     If facts are discovered to be appropriate, PLAINTIFF will seek to certify the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

///

///

6

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDPCA 15 U.S.C. § 1692e(5), (10), and f(1)
AGAINST PIONEER AND NAVIENT
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER ONE**

32.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 31 inclusive, above.

33.     A debt collector is prohibited from threatening "to take any action that cannot legally be taken" or using any false or "deceptive means to collect or attempt to collect" a debt. 15 U.S.C. §§ 1692e(5) and (10).

34.     Further, a debt collector may not collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

35.     On or about February 16, 2016, PIONEER sent a form collection letter to PLAINTIFF in an attempt to collect a consumer debt.  Ex. 1.

36.     This letter states that the current amount due is $10,729.37.  *Id.*

37.     The second page of the letter shows the breakout of four loans, including principal, interest, and collection costs.  *Id.*

38.     The sum of all of the amounts is $10,729.37, meaning that the collection costs are part of the "current amount due."  *Id.*

39.     The letter then states that "collection costs of 16% WILL NOT be added" if the consumer satisfies certain contains.  *Id.* (caps in original).

40.     The letter further states that "If I did not satisfy the above conditions, collection costs of 16% WILL be added to the total."  *Id.* (caps in original).

41.     However, PIONEER or the creditor had already added collection costs.

42.     By implying that it had not yet added any collection costs, or that PIONEER could assess additional costs, PIONEER used a deceptive and misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e(5) and (10).

43.     By misrepresenting that additional costs could be assessed, PIONEER attempted to collect an amount not authorized by agreement or law in violation of 15 U.S.C. § 1692f(1).

44.     NAVIENT wholly owns PIONEER, exercises control over the conduct and/or activities of PIONEER and, thus, is vicariously liable for PIONEER'S improper collection activities.

45.     As a result of the FDCPA violations by PIONEER, PLAINTIFF is entitled to an award of statutory damages.

46.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(5),(10) and f(1)
### AGAINST PIONEER AND NAVIENT
### BROUGHT BY PLAINTIFF INDIVIDUALLY AND
### ON BEHALF OF CLASS NUMBER TWO

47.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 46 inclusive, above.

48.     A debt collector is prohibited from threatening "to take any action that cannot legally be taken" or using any false or "deceptive means to collect or attempt to collect" a debt. 15 U.S.C. §§ 1692e(5) and (10).

49.     Further, a debt collector may not collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

50.     Upon information and belief, PLAINTIFF was never notified of her 34 C.F.R. §

682.410(b)(5)(E)(ii) and (b)(6)(ii) rights prior to assessment of $1,701.71 in collection costs.

51.     Pursuant to 34 C.F.R. § 682.410(b)(6)(ii):

> Within 45 days after paying a lender's default claim, the [guaranty]
> agency must send a notice to the borrower that contains the
> information described in paragraph (b)(5)(ii) of this section.
> During this time period, the agency also must notify the borrower,
> either in the notice containing the information described in
> paragraph (b)(5)(ii) of this section, or in a separate notice, that if he
> or she does not make repayment arrangements acceptable to the
> agency, the agency will promptly initiate procedures to collect the
> debt. The agency's notification to the borrower must state that the
> agency may administratively garnish the borrower's wages, file a
> civil suit to compel repayment, offset the borrower's State and
> Federal income tax refunds and other payments made by the
> Federal Government to the borrower, assign the loan to the
> Secretary in accordance with § 682.409, and take other lawful
> collection means to collect the debt, at the discretion of the agency.
> The agency's notification must include a statement that borrowers
> may have certain legal rights in the collection of debts…

52.     Pursuant to 34 C.F.R. § 682.410(b)(5)(E)(ii):

> Reports to consumer reporting agencies. (i) After the completion of
> the procedures in paragraph (b)(5)(ii) of this section, the guaranty
> agency shall, after it has paid a default claim, report promptly, but
> ***not less than sixty days after completion of the procedures in
> paragraph (b)(6)(ii)*** of this section, and on a regular basis, to all
> nationwide consumer reporting agencies --
>
> (E) The date the loan is fully repaid by or on behalf of the
> borrower or discharged by reason of the borrower's death,
> bankruptcy, total and permanent disability, or closed school or
> false certification.
>
> (ii) The guaranty agency, after it pays a default claim on a loan ***but
> before it*** reports the default to a consumer reporting agency or
> ***assesses collection costs against a borrower***, shall, within the
> timeframe specified in paragraph (b)(6)(ii) of this section, provide
> the borrower with --
>
> (A) Written notice that meets the requirements of paragraph
> (b)(5)(vi) of this section regarding the proposed actions;

(B) An opportunity to inspect and copy agency records pertaining to the loan obligation;

(C) An opportunity for an administrative review of the legal enforceability or past-due status of the loan obligation; and

(D) An opportunity to enter into a repayment agreement on terms satisfactory to the agency.

(emphasis added).

53.     Since PLAINTIFF was never sent a notice notifying her of her 34 C.F.R. § 682.410(b)(5)(E)(ii) and (b)(6)(ii) rights, assessment of collection costs was improper.

54.     By attempting to collect improper collection costs, PIONEER threatened to take an action that could not legally be taken, and therefore violated 15 U.S.C. § 1692e(5).

55.     By misrepresenting that it was entitled to collect improper collection costs, PIONEER violated 15 U.S.C. § 1692e(10).

56.     By attempting to collect an amount which was not "expressly authorized by the agreement creating the debt or permitted by law," PIONEER violated 15 U.S.C. § 1692f(1).

57.     NAVIENT wholly owns PIONEER, exercises control over the conduct and/or activities of PIONEER and, thus, is vicariously liable for PIONEER'S improper collection activities.

58.     As a result of the FDCPA violations by DEFENDANTS, PLAINTIFF is entitled to an award of statutory damages.

59.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

60.     Please take notice that PLAINTIFF demands trial by jury in this action.

10

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and on behalf of the classes, and that judgment be entered against DEFENDANTS for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of each DEFENDANT;

(4)     For disgorgement of all of DEFENDANT's revenues obtained through use of the letter at issue;

(5)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7)     For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
           September 23, 2016

                                        Respectfully Submitted,

                                        **GESUND & PAILET, LLC**


                                        /s/ Alexander J. Douglas

                                        ALEXANDER J. DOUGLAS
                                        New York Bar No. 5343892
                                        11 Alger Dr.
                                        Rochester, NY  14624

Tel: (585) 703-9783
Fax: (504) 265-9492
alex@gp-nola.com
*Attorney for Plaintiff*